# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Reggie Bryant, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 1321 |
| | ) | |
| vs. | ) | |
| | ) | Judge Pallmeyer |
| Cook County Deputy Sheriff James Lenti, | ) | |
| Cook County Deputy Sheriff Steven Hill, | ) | |
| Cook County Sheriff, Cook County, | ) | |
| | ) | |
| Defendants. | ) | |

## PROPOSED FINAL PRETRIAL ORDER

This matter having come before the court at a pretrial conference held pursuant to Fed. R. Civ. P. ("Rule") 16, and John L. Stainthorp and Ben Elson, People's Law Office, 1180 N. Milwaukee Ave. 3rd floor, Chicago IL 60642, 773 235-0070, having appeared as counsel for plaintiff and Assistant State's Attorneys Anthony E. Zecchin, Aaron R. Bond and James Pullos, Office of the Cook County State's Attorney, 500 Daley Center, Chicago, Illinois 60602, 312 603-3373, having appeared as counsel for defendants, the following actions were taken:

(1) This is an action for violation of civil rights and the jurisdiction of the court is invoked under 28 U.S.C. §§ 1331 and 1343(a) and supplementary jurisdiction, as codified in 28 U.S.C. § 1367(a). Jurisdiction is not disputed.

(2) The following stipulations and statements were submitted and are attached to and made a part of this Order:

1

(a) a comprehensive stipulation or statement of all uncontested facts, which will become a part of the evidentiary record in the case (and which, in jury trials, may be read to the jury by the court or any party);

(b) for jury trials a short agreed description of the case to be read to prospective jurors.

(c) except for rebuttal exhibits, schedules in the form set out in the attached Schedule (c) of--

(1) all exhibits (all exhibits shall be marked for identification before trial), including documents, summaries, charts and other items expected to be offered in evidence and

(2) any demonstrative evidence and experiments to be offered during trial;

(d) a list or lists of names and addresses of the potential witnesses to be called by each party, with a statement of any objections to calling, or to the qualifications of, any witness identified on the list;

(e) stipulations or statements setting forth the qualifications of each expert witness in such form that the statement can be read to the jury at the time the expert witness takes the stand;

(f) a list of all depositions, and designated page and line numbers, to be read into evidence and statements of any objections thereto;

(g) an itemized statement of damages;

(h) for a jury trial, each party shall provide the following:

(i) trial briefs except as otherwise ordered by the court;

(ii) one set of marked proposed jury instructions, verdict forms and special interrogatories, if any; and

(iii) a list of the questions the party requests the court to ask prospective jurors in accordance with Fed.R.Civ.P. 47(a); Defendants' proposed questions for the venire are attached as Exhibit D1. Plaintiff's proposed questions are attached as Schedule H iii .

(i) Each party has completed discovery with respect to all timely disclosed witnesses. Absent good cause shown, no further discovery shall be permitted; and

(j) subject to full compliance with all the procedural requirements of Rule 37(a)(2), a brief summary of intended motions in limine. Any briefs in support of and responses to such motions shall be filed as directed by the Court.

Plaintiff's Motion in Limine No. 1 to bar any witnesses who were not timely disclosed.

Plaintiff's Motion in Limine No. 2 to bar any reference to unrelated litigation in which witness Malave was involved.

Plaintiff reserves the right to make additional motions in limine, on the basis that he was only provided with defendants' proposed exhibits and witness list on the evening before this order was due.

Defendants' Motion *in Limine* No. 1 to bar any undisclosed witnesses.

Defendants' Motion *in Limine* No. 2 to bar any questions or argument regarding grievances filed in connection with an alleged failure to file a use of force report.

Defendants' Motion *in Limine* No. 3 to bar any testimony regarding any medical diagnosis.

Defendants' Motion *in Limine* No. 4 to bar argument about other police misconduct

Defendants' Motion *in Limine* No. 5 to bar evidence or argument about the alleged use of racial slurs.

Defendants' Motion *in Limine* No. 6 to bar reference to indemnification by the County or that Defendants' attorneys are assistant state's attorneys.

Defendants' Motion *in Limine* No. 7 to bar witnesses from the courtroom during opening statement and testimony.

(k) the parties have not prepared an agreed statement or statements by each party of the contested issues of fact and law and a statement or statements of contested issues of fact or law not agreed to;

(l) waivers of any claims or defenses that have been abandoned by any party;

(3) Trial of this case is expected to take three (3) days. It is scheduled for trial on April 23, 2012.

(4) Indicate the type of trial by placing an X in the appropriate box:

[x] Jury     [_] Non-jury

(5) The parties recommend that eight jurors be selected at the commencement of the trial.

(6) The parties agree that the issues of liability and damages should not be bifurcated for trial. On motion of any party or on motion of the court, bifurcation may be ordered in either a jury or a non-jury trial.

(7) The parties do not consent to this case being reassigned to a magistrate judge for trial.

(8) This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

(9) Possibility of settlement of this case was considered by the parties.


Date: _____          _____
                                    United States District Judge

4

/s/ John L. Stainthorp
Attorney for Plaintiff

/s/ Anthony Zecchin
Attorney for Defendant

**SCHEDULE A**
**STATEMENT OF UNCONTESTED FACTS**

1.  Defendants James Lenti and Steven Hill are deputy sheriffs employed by the Cook County Sheriff's Department.

2.  Plaintiff Reggie Bryant is a resident of the City of Chicago.

3.  On June 14, 2010, defendants Lenti and Hill were assigned to the warrants, levies, and evictions unit of the Cook County Sheriff's Department, and as part of their duties as deputy sheriffs went to Bryant's home, an apartment building at 2323 W. Pershing Rd., Chicago, Illinois

4.  Outside 2323 W. Pershing Rd. defendants and plaintiff encountered each other.

5.  Following that encounter, defendants arrested plaintiff and caused him to be charged with the criminal offenses of battery, obstructing service of process and resisting a peace officer in connection with their interaction with him.

6.  As a result of the criminal charges against him, plaintiff entered into a contract with attorneys to defend him against the criminal charges, and agreed to pay the attorneys $5,000.

7.  After a trial at which defendants Hill and Lenti testified, plaintiff Bryant was acquitted of all criminal charges.

8.  At all times defendants Hill and Lenti were acting within the scope of their employment as Cook County deputy sheriffs, and were acting under color of state law.

**SCHEDULE B**

**STATEMENT OF THE CASE TO BE READ TO THE JURY**

The plaintiff in this case, Reggie Bryant, has brought a lawsuit alleging that the defendants, Cook County deputy sheriffs James Lenti and Steven Hill, violated his constitutional rights and Illinois law, by falsely arresting him and charging him with the criminal offenses of battery, obstructing service of process and resisting a peace officer. Mr. Bryant has also alleged that in the course of the arrest the defendants used excessive force against him and injured him, and that they maliciously prosecuted him and caused him emotional distress. Officers Lenti and Hill have denied that they violated the constitution or the laws of Illinois, and have claimed that they had probable cause to arrest and prosecute Mr. Bryant for the criminal offenses of battery, obstructing service of process and resisting a peace officer. Officers Lenti and Hill have also denied that they used excessive force against Mr. Bryant.

## SCHEDULE C

## EXHIBITS

(1) The following exhibits were offered by plaintiff, received in evidence and marked as indicated:

| Ex. # | Description |
|---|---|
| 1 | Videotape from security camera at 2323 W. Pershing Rd. |
| 2 | Tape recording of 911 call made by Reggie Bryant on June 14, 2012 at approximately 6:31 p.m. and certain statements made by defendants. |
| 3 | Photographs of injuries sustained by Reggie Bryant on June 14, 2012 |
| 4 | Portions of Offense/Incident Report authored by defendants Hill and Lenti for use as admissions and/or impeachment. |
| 5 | Arrest Card for Reggie Bryant |
| 6 | Cook County Livescan Correction Request Form |
| 7 | Reggie Bryant mug shot, June 14, 2010 |
| 8 | Criminal Complaint for Battery authored by defendants Hill and Lenti |
| 9 | Criminal Complaint for Obstructing Service of Process authored by defendants Hill and Lenti |
| 10 | Criminal Complaint for Resisting a Peace Officer authored by defendants Hill and Lenti |
| 11 | Defendant's Exhibit 4 at the criminal trial (photo of 2323 W. Pershing) |
| 12 | Defendant's Exhibit 5 at the criminal trial (photo of 2323 W. Pershing) |
| 13 | Portions of Supplemental Report, James Lenti for use as admissions and/or impeachment. |
| 14 | Prisoner Transportation Transmittal |
| 15 | Invoice for attorneys' fees, People v. Bryant. |
| 16 | Portions of the deposition of defendant Hill for use as admissions and/or impeachment. |

8

| 17 | Portions of the deposition of defendant Lenti for use as admissions and/or impeachment. |
|---|---|
| 18 | Portions of the trial testimony of defendant Hill in People v. Bryant for use as admissions and/or impeachment. |
| 19 | Portions of the trial testimony of defendant Lenti in People v. Bryant for use as admissions and/or impeachment. |
| 20 | Reggie Bryant bond slip |
| 21 | Cook County Sheriff Property inventory for Reggie Bryant |
| 22 | Portions of the answers to interrogatories of defendant Hill for use as admissions and/or impeachment. |
| 23 | Portions of the answers to interrogatories of defendant Lenti for use as admissions and/or impeachment. |
| 24 | Portions of the documents filed with respect to the grievance of defendant Lenti in relation to failure to file use of force report for use as admissions and/or impeachment. |
| 25 | Portions of the documents filed with respect to the grievance of defendant Hill in relation to failure to file use of force report for use as admissions and/or impeachment. |
| 26 | Portions of the use of force report prepared by defendant Hill for use as admissions and/or impeachment |
| 27 | Portions of the use of force report prepared by defendant Lenti for use as admissions and/or impeachment |
| 28 | Photographs of the exterior of 2323 W. Pershing Rd. |

(2) Defendant objects to the following plaintiff's exhibits on the grounds stated:

Plaintiff's Ex. 3, 28 – Defendants object based on lack of foundation or authenticity (FRE 901). Moreover, Plaintiff has failed to state with sufficient specificity to which pictures he is referring so Defendants are unable to further respond or state further objections.

Plaintiff's Ex. 4 – Defendants object as this exhibit is hearsay (FRE 802) to the extent that Plaintiff may seek to allow this exhibit to go back to the jurors during deliberations.

Plaintiff Exs. 11 & 12 – Defendants reserve this objection based on foundation (FRE 901).

9

Plaintiff's Exs. 24 & 25 – Defendants object to these exhibits. *See* Defendants' motion in limine No. 2.

Plaintiff's Exs. 5, 14, 20, 21 – Defendants object to these exhibits as not relevant (FRE 403).

(3) The following exhibits were offered by defendant, received in evidence and marked as indicated:

Defendants' Ex. 1 – Portions of Plaintiff's deposition for use as admissions and/or impeachment.

Defendants' Ex. 2 – Portions of Plaintiff's answers to interrogatories for use as admissions and/or impeachment.

Defendants' Ex. 3 – Arrest photo of Plaintiff from June 14, 2010.

Defendants' Ex. 4 – Lock-up keeper report from June 14, 2010.

Defendants' Ex. 5 – Investigator Paul Rice's report of his interview with Lisa Gronski.

Defendants' Ex. 6 – Plaintiff's Responses to Defendants' Request to Admit

(4) Plaintiff objects to the following exhibits offered by the defendants on the grounds stated:

Defendants' Ex. 1, 2 – Plaintiff objects on the grounds that defendants have not at this point identified with specificity the portions of the deposition or interrogatory answers they intend to use, and portions of the deposition are irrelevant, and thus inadmissible under Fed. R. Evid. 402, and portions are inadmissible under other Rules of evidence, including, but not limited to, Fed. R. Evid. 602, 608, 609, 802.

Defendants' Ex. 4 – Plaintiff objects on the grounds that the report is inadmissible hearsay, Fed. R. Evid. 802, that it includes evidence which is substantially more prejudicial than

10

probative and is confusing and a waste of time, and thus is inadmissible under Fed. R. Evid. 403, that it contains inadmissible information that the plaintiff was previously arrested, and that the purported author of the report, Ursula Washington, was not timely disclosed as a witness in this matter.

Defendants' Ex. 5 – Plaintiff objects on the grounds that this report is inadmissible hearsay, Fed. R. Evid. 802 and that neither Rice nor Gronski was timely disclosed as a witness in this matter.

Defendants' Ex. 6 – Plaintiff objects on the ground that these responses, all of which are denials, are irrelevant, and thus inadmissible under Fed. R. Evid. 402, and portions include evidence which is substantially more prejudicial than probative, and thus inadmissible under Fed. R. Evid. 403

(5) Non-objected-to exhibits are received in evidence by operation of this Order. However, in jury trials, exhibits that have not been explicitly referred to in testimony or otherwise published to the jury prior to the close of all evidence or in argument are not in evidence.

**SCHEDULE D**

**LIST OF WITNESSES**

**Plaintiff's List of Witnesses**

    **Will Call:**

        Reggie Bryant

        Danielle Malave

    **May Call:**

        James Lenti

        Steven Hill

        Lee Hebert

        Official court reporters

**Defendants' List of Witnesses**

    **May Call**:

        Officer James Lenti

        Officer Steven Hill

        Cook County State's Attorney's Officer Investigator Paul Rice

        Ms. Lisa Gronski

        Deputy Sheriff Ursula Washington

        Deputy Sheriff Alexander Chew

        Ms. Courtney Maloney

        Lt. Robert Smith # 515

Defendants reserve the right to call any impeachment witnesses as necessary based on the testimony at trial.

Plaintiff objects to defendants' proposed witnesses Rice, Gronski Washington, Chew and Smith on the grounds that they were not timely disclosed in the course of discovery. Plaintiff further object to witnesses Rice on the grounds of hearsay. Plaintiff further objects to witnesses Washington, Chew and Smith on the grounds that there testimony is irrelevant and thus inadmissible under Fed. R. Evid. 402, and even if it has some relevance is substantially more prejudicial than probative and is confusing and a waste of time and thus is inadmissible under Fed. R. Evid. 403.

**SCHEDULE E**

**EXPERT WITNESSES**

There are no expert witnesses for either side.

**SCHEDULE F**

**DEPOSITIONS TO BE READ INTO EVIDENCE**

None anticipated at this time. Plaintiff may use portions of defendants' prior testimony as impeachment and/or admissions. Defendants may use portions of Plaintiff's prior testimony as impeachment and/or admissions. Defendants also reserve the right to use any prior deposition testimony should a witness become unavailable.

## SCHEDULE G

## ITEMIZED STATEMENT OF DAMAGES

Legal fees for defending against criminal charges: $5,000

**SCHEDULE H**

**JURY INSTRUCTIONS**

Plaintiff reserves the right to present objections to defendants' proposed jury instructions, since he was first tendered them on the morning this Pre Trial Order is due.

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **Reggie Bryant,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 11 C 1321** |
| | ) | |
| **vs.** | ) | |
| | ) | **Judge Pallmeyer** |
| **Cook County Deputy Sheriff James Lenti,** | ) | |
| **Cook County Deputy Sheriff Steven Hill,** | ) | |
| **Cook County Sheriff, Cook County,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTIONS

**PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. P1**

You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

One of my duties is to decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

The trial will proceed in the following manner:

First, plaintiffs' attorneys may make opening statements. Next, defendants attorneys may make an opening statements. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, plaintiffs will call witnesses and present evidence. Then, defendants will have an opportunity to call witnesses and present evidence. After the parties' main cases are completed, plaintiffs may be permitted to present rebuttal evidence.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

<span style="color:red">Defendants' only object to P's proposed preliminary instruction No. P1 to the extent that it does not include the remainder of the sentence in the paragraph beginning "After the opening. . ."</span>

7th Circuit Sample Preliminary Instructions - Introductory paragraphs and Order of Trial

**PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. P2**

The positions of the parties can be summarized as follows:

The plaintiff in this case, Reggie Bryant, has brought a lawsuit alleging that the defendants, Cook County deputy sheriffs James Lenti and Steven Hill, violated his constitutional rights and Illinois law, when they falsely arrested him and charged him with the criminal offenses of battery, obstructing service of process and resisting a peace officer. Mr. Bryant has also alleged that in the course of the arrest the defendants used excessive force against him and injured him, and that they maliciously prosecuted him and caused him emotional distress. The defendants have denied that they violated the constitution or the laws of Illinois, and have claimed that they had probable cause to arrest and prosecute Mr. Bryant for the criminal offenses of battery, obstructing service of process and resisting a peace officer. They have also denied that they used excessive force against Mr. Bryant.

Defendants object to P's Preliminary Jury Instruction No. P2 as the Statement of the Case, as modified by Defendants, in Schedule B is more neutral and fair.

**PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. P3**

Plaintiff will have to prove each of his claims by a preponderance of the evidence. What I have just given you is a preliminary outline. At the end of the trial I will give you final instructions on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial govern.

When I say a particular party must prove something by "a preponderance of the evidence," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Defendants have no objection to P's Proposed Preliminary Jury Instruction No. P3-P12

7th Circuit Sample Preliminary Instructions - Burden of Proof - Preponderance of the Evidence

21

**PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. P4**

Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, sex, or sexual orientation.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I may instruct you to find or the parties may agree or stipulate to.

A stipulation is an agreement between both sides that certain facts are true.

You will have to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also have to decide what weight, if any, you give to the testimony of each witness.

You should consider and decide this case as an action between persons of equal standing in the community, and holding the same or similar stations in life. Each party is entitled to the same fair consideration. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

7th Circuit Sample Preliminary Instructions - Province of Judge and Jury, Evidence in the Case, Credibility of Witnesses

22

**PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. P5**

You may have heard the phrases "direct evidence" and "circumstantial evidence."

Direct evidence is proof that does not require an inference, such as the testimony of

someone who claims to have personal knowledge of a fact. Circumstantial evidence is

proof

of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a the witness

who

says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is

raining is the observation of someone entering a room carrying a wet umbrella.  The law

makes no distinction between the weight to be given to either direct or circumstantial evidence.

When the time comes to deliberate on your verdict, you should consider all the evidence in the

case, including the circumstantial evidence.

7th Circuit Sample Preliminary Instructions - Direct and Circumstantial Evidence

**PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. P6**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

7th Circuit Sample Preliminary Instructions - Inferences

**PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. P7**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case: the attorneys' statements, arguments, questions, and objections of the attorneys; any testimony that I instruct you to disregard; and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

7th Circuit Sample Preliminary Instructions - What is Not Evidence

**PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. P8**

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions about how you should decide this case. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess.  We meet because often during a trial something comes up that doesn't involve the jury.

We will, of course, do what we can to keep the number and length of these conferences to a minimum, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

7th Circuit Sample Preliminary Instructions - Rulings on Objections and Bench Conferences

**PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION NO.P 9**

Any notes you take during this trial are only aids to your memory.  The notes are not

evidence.  If you do not take notes, you should rely on your independent recollection of the

evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled

to any greater weight than the recollections or impressions of each juror about the

testimony.

When you leave the courthouse during the trial, your notes should be left in the jury

room.  When you leave at night, your notes will be secured and not read by anyone.  At the end

of the trial, your notes will be destroyed, and no one will be allowed to read the notes before they

are destroyed.

7th Circuit Sample Preliminary Instructions - Note Taking

**PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. P10**

Pay close attention to the testimony as it is given. At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult.

7th Circuit Sample Preliminary Instructions - No Transcript Available to Jury

**PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTION NO. P11**

All jurors must follow certain rules of conduct, and you must follow them, too.

First, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. You must not let others discuss the case with you. If anyone tries to talk to you about the case please let me know about it immediately;

Second, you must not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, you must not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and must not make any investigation about the case on your own;

Fourth, if you need to communicate with me, you must give a signed note to the marshall to give to me; and

Fifth, you must not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

7th Circuit Sample Preliminary Instructions - Jury Conduct (modified)

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **Reggie Bryant,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 11 C 1321** |
| | ) | |
| **vs.** | ) | |
| | ) | **Judge Pallmeyer** |
| **Cook County Deputy Sheriff James Lenti,** | ) | |
| **Cook County Deputy Sheriff Steven Hill,** | ) | |
| **Cook County Sheriff, Cook County,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S PROPOSED FINAL JURY INSTRUCTIONS**

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's political opinion, race, color, gender, sexual orientation, religion or national ancestry.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Defendants have no objection to P's Proposed Jury Instruction (P's Instruction) No. 1.

7th Circuit Pattern Jury Instruction 1.01 - Functions of the Court and the Jury (modified)

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2**

During this trial, I have asked witnesses questions myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Defendants have no objection to P's Instruction No. 2.

7th Circuit Pattern Jury Instruction 1.02 - No Inference From Judge's Questions

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3**

You should consider and decide this case as an action between persons of equal standing in the community, and holding the same or similar stations in life. Each party is entitled to the same fair consideration. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

Defendants have no objection to P's Instruction No 3.

7th Circuit Pattern Jury Instruction 1.03 - All Litigants Equal Before the Law

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

I have taken judicial notice of certain facts. You must accept those facts as proved.

Defendants object to P's Instruction No. 4, as modified, as P's Instruction No. 20 addresses the uncontested facts in this case and there is no reason for P's modification to the last sentence.

7th Circuit Pattern Jury Instruction 1.04 - Evidence

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5**

During the trial, certain testimony was presented to you by the reading and/or videotapes of depositions. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Defendants have no objection to P's Instruction No. 5.

7th Circuit Pattern Jury Instruction 1.05 - Deposition Testimony

35

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Defendants have no objection to P's Instruction No. 6.

7th Circuit Pattern Jury Instruction 1.06 - What is Not Evidence

36

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7**

Any notes you have taken during this trial are only aids to your memory. The

notes

are not evidence. If you have not taken notes, you should rely on your independent

recollection of the evidence and not be unduly influenced by the notes of other jurors.

Notes

are not entitled to any greater weight than the recollections or impressions of each juror

about

the testimony.


<span style="color:red">Defendants have no objection to P's Instruction No. 7.</span>


7th Circuit Pattern Jury Instruction 1.07 - Note Taking

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

<span style="color:red">Defendants have no objection to P's Instruction No. 8.</span>

7th Circuit Pattern Jury Instruction 1.08 - Consideration of All Evidence Regardless of Who Produced It

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Defendants have no objection to P's Instruction No. 9.

7th Circuit Pattern Jury Instruction 1.09 - Limited Purpose of Evidence

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

<u>Defendants have no objection to P's Instruction No. 10.</u>

7th Circuit Pattern Jury Instruction 1.11 - Weighing the Evidence

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

<u>Defendants have no objection to P's Instruction No. 11.</u>

7th Circuit Pattern Jury Instruction 1.12 - Definition of "Direct" and "Circumstantial" Evidence

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying;
- the reasonableness of the witness's testimony in light of all the evidence in the case.

<span style="color:red">Defendants have no objection to P's Instruction No. 12.</span>

7th Circuit Pattern Jury Instruction - Testimony of Witnesses (Deciding What to Believe) (modified)

42

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13**

You may consider statements given before trial by a party, an employee of a party, or a witness under oath as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with the witness's testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to the witness's testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Defendants have no objection to P's Instruction No. 13.

7th Circuit Pattern Jury Instruction 1.14 - Prior Inconsistent Statements or Acts

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14**

It is proper for a lawyer to meet with any witness in preparation for trial.

<span style="color:red">Defendants have no objection to P's Instruction No. 14.</span>

7th Circuit Pattern Jury Instruction 1.16 - Lawyer Interviewing Witness

44

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number of witnesses. You need not accept the testimony of the larger number of witnesses.

<span style="color:red">Defendants have no objection to P's Instruction No. 15.</span>

7th Circuit Pattern Jury Instruction 1.17 - Number of Witnesses

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 16**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Defendants have no objection to P's Instruction No. 16.

7th Circuit Pattern Jury Instruction 1. 18 - Absence of Evidence

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 17**

Certain diagrams, maps, models, or sketches have been shown to you as demonstrative exhibits. Those exhibits were used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Defendants object to this instruction as unnecessary as no demonstrative exhibits have been listed by either party in this Pretrial Order.

7th Circuit Pattern Jury Instruction 1.24 - Demonstrative Exhibits

47

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 18**

This case involves two individual defendants.

Although there are two individual defendants in this case, it does not necessarily follow that if one is liable, the other is liable. Similarly, it does not necessarily follow that if one defendant is not liable, the other is not liable. Each defendant is entitled to fair, separate, and individual consideration of the case without regard to your decision as to the other defendant.

Defendants have no objection to P's Instruction No. 18

7th Circuit Pattern Jury Instruction 1.25 - Multiple Defendants (Modified to case)

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 19**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

<span style="color:red">Defendants have no objection to P's Instruction No. 19.</span>

7th Circuit Pattern Jury Instruction 1.27 - Burden of Proof

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 20**

The parties have stipulated or agreed on the following facts and you must now treat these facts as having been proved for purpose of this case:

[Insert Stipulations]

<span style="color:red">Defendants have no objection to P's Instruction No. 20</span>

7th Circuit Pattern Jury Instruction 2.05 - Stipulations of Fact

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 21**

Plaintiff brings the following claims.

First, plaintiff claims that defendants Hill and Lenti falsely arrested him in violation of his Fourth Amendment right to be free from unreasonable seizures.

Second, plaintiff claims that defendants Hill and Lenti used unreasonable force against him in violation of his Fourth Amendment right to be free from unreasonable seizures.

Third, plaintiff claims that defendants Hill and Lenti falsely arrested him in violation of Illinois law.

Fourth, plaintiff claims that defendants Hill and Lenti intentionally inflicted emotional distress upon him in violation of Illinois state law.

Fifth, plaintiff claims that defendants Hill and Lenti maliciously prosecuted him in violation of Illinois state law.




Defendants have no objection to P's Instruction No. 21.




Issues in Case - 5th Circuit Pattern Jury Instruction 2.8 (1993) adapted

51

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22**

Section 1983 of Title 42 of the United States Code provides that any citizen may seek

redress in this court by way of damages against any person who, under color of state law or custom,

intentionally deprives that citizen of any rights, privileges, or immunities secured or protected by the

constitution or laws of the United States.

Defendants objecti to P's Instruction No. 22 as unnecessary and not a Seventh Circuit Pattern
Instruction.

42 U.S.C. § 1983

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 23**

When I say that a person acts "under color of law," I mean that a person uses or misuses authority that he has because of his official position.

In this case, the individual defendants were acting under color of law. Moreover, both the individual defendants are employees of the Sheriff of Cook County and Cook County, and they engaged in the conduct at issue in this case in the scope of their employment.

Defendants object to P's Instruction No. 23 as it adds redundant, unnecessary language that is covered by P's Instruction No. 20. Moreover, the added language is not provided for in the Pattern Instruction and is argumentative.

7th Circuit Pattern Jury Instructions 7.03

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 24**

The Fourth Amendment to the United States Constitution provides that:

The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Under the Fourth Amendment, a police officer may not arrest a person without an arrest

warrant unless the police officer had probable cause to believe that the person had committed, or

was in the process of committing, a crime.

Defendants object to P's Instruction No. 24 as unnecessary and not a Seventh Circuit Pattern Instruction.

The Fourth Amendment to the United States Constitution
5th Circuit Pattern Jury Instruction No. 10.1; *Atwater v. City of Lago Vista*, 532 U.S. 318 (2001), *Payton v. New York*, 445 U.S. 573 (1980)

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 25**

Plaintiff claims that defendants Hill and/or Lenti falsely arrested him in violation of his Fourth Amendment rights.  To succeed on this claim against a defendant, plaintiff must prove each of the following things by a preponderance of the evidence:

1. The defendant arrested plaintiff; and

2. The defendant did not have probable cause to arrest him.

If you find that plaintiff has proved both of these things against a defendant by a preponderance of the evidence, then you should find for the plaintiff and against that defendant thereby finding him liable on plaintiffs' Fourth Amendment claim and go on to consider the question of damages as to that claim.

If, on the other hand, you find that plaintiff has failed to prove either of these things by a preponderance of the evidence against a particular defendant, then you should find for that defendant on this claim and you will not consider the question of damages as to that claim.

In this case, both defendants have acknowledged that they arrested plaintiff.

Defendants object to Ps Instruction No. 25 as Defendants' Proposed Jury Instruction No. 1 is more clear and appropriate given the Statement of Uncontested Facts (See Schedule A, as modified).

7th Circuit Pattern Jury Instructions 7.05

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26**

Let me explain what "probable cause" means. There is probable cause for an arrest if, at the moment the arrest was made, a prudent person would have reasonably believed that the individual plaintiff had committed or was committing a crime. In making this decision, you should consider what the defendant who arrested plaintiff knew and what reasonably trustworthy information that defendant or defendants had received.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that a defendant's belief was probably right.

Defendants object to P's Instruction No. 26 as it omits relevant parts of the Pattern Instruction that would assist the jury. See Defendants' Proposed Jury Instruction No. 2.

7th Circuit Pattern Jury Instruction 7.06 (modified)

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27**

In this case defendants have claimed that they had probable cause to arrest plaintiff for three different crimes: battery; resisting a peace officer; and obstructing service of process.

Under Illinois law a person commits criminal battery if he knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.

Under Illinois law, a person is guilty of resisting a peace officer if he knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity. Verbal resistance or argument alone, even the use of abusive language, is not a violation of the statute. There can be no crime of resisting a peace officer unless the defendant engages in a physical act intended to interfere with that officer's exercise of his duties.

Under Illinois law, a person is guilty of obstructing service of process if he knowingly resists or obstructs the authorized service or execution of any civil or criminal process.

Defendants object to P's Instruction No. 27 as confusing and omits language from the case law he cites that would be required to accurately explain the law to the jury. *See* Defendants' Proposed Jury Instruction No. 13.

*People v. McCoy,* 378 Ill. App. 3d 954, 962, 881 N.E.2d 621, 317 Ill. Dec. 453 (2008) ;*People v. Berardi*, 407 Ill. App. 3d 575, 582 (2011) ; 720 ILCS 5/31-1; 720 ILCS 5/12-3; *People v. Raby*, 40 Ill. 2d 392, 398-99, 240 N.E.2d 595, 599 (1968); *People v. Hilgenberg*, 223 Ill. App. 3d 286, 289, 585 N.E.2d 180, 183, 165 Ill. Dec. 784 (1991); *People v. Falls,* 387 Ill. App. 3d 533, 538 (2008); 720 ILCS 5/31-3.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 28**

In this case, plaintiff Reggie Bryant also claims that defendants Hill and Lenti used unreasonable force against him. To succeed on this claim, plaintiff must prove each of the following things by a preponderance of the evidence:

1.     The defendant used unreasonable force against plaintiff;

2.     Because of the defendant's unreasonable force, plaintiff was harmed.

If you find that plaintiff has proved each of these things by a preponderance of the evidence as to a defendant, then you should find for plaintiff on this claim, and go on to consider the question of damages as to this claim.

If, on the other hand, you find that plaintiff did not prove any one of these things by a preponderance of the evidence as to either defendant, then you should find against plaintiff on this claim, and you will not consider the question of damages as to this claim.

Defendants object to P's Instruction No. 28 as the jury should be allowed to consider this claim as to each Defendant and Defendants' Proposed Jury Instruction No. 3 is more clear on this issue

7th Circuit Pattern Jury Instruction 7.08

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 29**

You must decide whether a defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that the defendant faced. You must make this decision based on what the officer knew at the time of the arrest, not based on what you know now. In deciding whether a defendant's use of force was unreasonable, you must not consider whether a defendant's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

Defendants object as P's Instruction omits the list of factors that may be relevant to a jury's determination of whether a particular use of force was unreasonable. *See* Defendants' Proposed Jury Instruction No. 4.

7th Circuit Pattern Jury Instruction 7.09

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30**

In this case, plaintiff Reggie Bryant also claims that defendants Hill and Lenti falsely arrested him in violation of state law. To establish his claim that these defendants falsely arrested him in violation of state law, plaintiff must establish by a preponderance of the evidence:

1. The defendant caused plaintiff to be arrested; and

2. The defendant who caused plaintiff to be arrested did not have probable cause to arrest him.

If you find that plaintiff has proved both of these things against a defendant by a preponderance of the evidence, then you should find for the plaintiff and against that defendant thereby finding him liable on plaintiffs' false arrest claim and go on to consider the question of damages as to that claim.

If, on the other hand, you find that plaintiff has failed to prove either of these things by a preponderance of the evidence against a particular defendant, then you should find for that defendant on this claim and you will not consider the question of damages as to that claim.

In this case, both defendants have acknowledged that they arrested plaintiff.

Defendants object to P's Instruction No. 30 as repetitive and confusing. The last sentence is also unnecessary and redundant based on P's Instruction No. 20. *See* Defendants' Proposed Jury Instruction No. 5.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 31**

In this case, plaintiff Reggie Bryant also claims that defendants Hill and Lenti intentionally inflicted emotional distress upon him.

In order to prove that a defendant intentionally inflicted emotional distress on a plaintiff in violation of state law, a plaintiff must prove each of the following propositions by a preponderance of the evidence against a defendant:

First, that a defendant's conduct was extreme and outrageous;

Second, that the defendant either intended his conduct to inflict severe emotional distress or knew there was a high probability that his conduct would cause severe emotional distress; and

Third, that the defendant's conduct in fact caused severe emotional distress.

The degree of power or authority which a defendant has over a plaintiff can impact upon whether that defendant's conduct is outrageous. The more control which a defendant has over the plaintiff the more likely that defendant's conduct will be deemed outrageous, particularly when the alleged conduct involves either a veiled or explicit threat to exercise such authority or power to plaintiff's detriment. A police officer is one example of the type of individual who may be positioned to exercise power or authority over a plaintiff.

If you find from your consideration of all the evidence that plaintiff Bryant has proved each of these propositions then your verdict should be for plaintiff on his intentional infliction of emotional distress claim.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved, then your verdict should be against plaintiff Bryant on his intentional infliction of emotional distress claim.

*McGrath v. Fahey*, 126 Ill.2d 78, 533 N.E.2d 806 (1988); *Rumbold v. Town of Bureau*, 581 N.E.2d 809, 817 (3d Dist. 1991); *Doe v. Calumet City*, 161 Ill.2d 374 (1994). For italicized portion: *McGrath*, 126 Ill.2d at 97-88; Restatement (Second) of Torts § 46, Comment (e), at 74 (1965).

Defendants object to P's Instruction No. 31 as it is confusing, contains unnecessary language and contains improper argument. *See* Defendants' Proposed Jury Instruction No. 6.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 32**

In this case, plaintiff Reggie Bryant claims that defendants Hill and Lenti violated state law by maliciously prosecuting him. To find one or both of the defendants liable on this claim, you must find, by a preponderance of the evidence, that one or both of the defendants:

1.     caused the commencement or continuation of a criminal proceeding against plaintiff Bryant and
2.     the proceeding was terminated in plaintiff Bryant's favor; and
3.     there was no probable cause for such proceeding; and
4.     that one or both of the defendants acted with malice; and
5.     damages resulted to plaintiff Bryant.

An officer has probable cause to bring a prosecution if, at the time of the prosecution, after pursuing reasonable avenues of investigation, and in light of the totality of the circumstances, the officer knew facts that would have led a person of ordinary prudence to entertain an honest and strong suspicion that the person arrested was guilty of the crime for which he is being prosecuted. Mere suspicion of guilt is not sufficient.

Malice is defined as the intent, without justification or excuse, to commit a wrongful act. Malice may be inferred from a lack of probable cause if there is no credible evidence which refutes that inference.

In this case plaintiff was found not guilty of all offenses at trial. This constitutes a termination in his favor as a matter of law.

Defendants object to P's Instruction No. 32 as it is confusing and will not assist the jury in this form. Moreover, this instruction contains redundant language in light of P's Instruction No. 20 regarding the not guilty findings and the definition of probable cause already provided in P's Instruction No. 26 and Defendants' Proposed Instruction No. 2. *See* Defendants' Proposed Jury Instruction No. 7.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 33**

In this case, plaintiff Bryant claims that defendants Cook County and the  County Cook Sheriff are responsible under the theory of *respondeat superior* for the wrongful acts of defendants Hill and Lenti when they maliciously prosecuted, battered, falsely arrested and intentionally inflicted emotional distress upon plaintiff Bryant

Defendants admit that Hill and Lenti were employees of the Cook County Sheriff's Department and the County of Cook and that they were acting in the scope of their employment at the time of their encounter with plaintiff.

Therefore, if you have found from your consideration of all the evidence that defendants Hill and Lenti committed any one of the torts of malicious prosecution, battery, false arrest or intentional infliction of emotional distress then your verdict should be for plaintiff on this claim.

If, on the other hand, you have found that defendants Hill and Lenti did not commit the torts of malicious prosecution, battery, false arrest or intentional infliction of  emotional distress, then your verdict should be against plaintiff on this claim.

Defendants object as P's Instruction is confusing; redundant in light of P's Instruction No. 20 and contains reference to a claim of battery against Defendants, which Plaintiff has indicated he will not be proceeding on.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 34**

If you find that plaintiff Bryant has proved any of his claims against any of the defendants, then you must determine what amount of damages, if any, plaintiff Bryant is entitled to recover.

If you find that plaintiff Bryant has failed to prove any of his claims, then you will not consider the question of damages.

Defendants do not object to Plaintiff's Instruction No. 34.

7th Circuit Pattern Jury Instruction 7.22

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 35**

If you find in favor of plaintiff Bryant, then you must determine the amount of money that will fairly compensate plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the excessive force, false arrest, intentional infliction of emotional distress or malicious prosecution. These are called "compensatory damages".

Plaintiff Bryant must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1.     The physical and emotional or mental pain and suffering that Plaintiff Bryant has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or emotional or mental pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

Defendants object to P's Instruction No. 35 as it does not include the final paragraph in Seventh Circuit Pattern Instruction No. 7.23, which would assist the jury

7th Circuit Pattern Jury Instruction 7.23

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 36**

If you find for Plaintiff Bryant, you may, but are not required to, assess punitive damages against Defendants Lenti or Hill. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to the defendants and others not to engage in similar conduct in the future.

Plaintiff Bryant must prove by a preponderance of the evidence that punitive damages should be assessed against a defendants. You may assess punitive damages only if you find that a defendant's conduct was malicious or in reckless disregard of plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring plaintiff. Conduct is in reckless disregard of plaintiff's rights if, under the circumstances, it reflects complete indifference to plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of a defendant's conduct;

- the impact of a defendant's conduct on plaintiff;

- the relationship between plaintiff and defendant;

- the likelihood that defendant would repeat the conduct if an award of punitive damages is not made;

-　　　　the relationship of any award of punitive damages to the amount of actual harm the

plaintiff suffered.

<span style="color:red">Defendants object to P's Instruction No. 36 as it is not clear enough to instruct the jury about the need to assess punitive damages individually, not collectively. *See* Defendants' Proposed Instruction No. 10</span>

7th Circuit Pattern Jury Instruction  7.24

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 37**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Defendants have no objection to P's Instruction No. 37.

7th Circuit Pattern Jury Instruction 1.32

69

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 38**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Defendants have no objection to P's Instruction No. 38.

7th Circuit Pattern Jury Instruction 1.07

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 39**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

<span style="color:red">Defendants have no objection to P's Instruction No. 39.</span>

7th Circuit Pattern Jury Instruction 1.33

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 40**

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Defendants have no objection to P's Instruction No. 40.

7th Circuit Pattern Jury Instruction 1.34

## **VERDICT**

We, the jury, find as to each of the claims of Plaintiff, Reggie Bryant, in this case as follows:

**Plaintiff's Excessive Force Claim:**

> **for each, check one and only one of the two choices, i.e., for Plaintiff or for Defendant**

| | FOR PLAINTIFF | FOR DEFENDANT |
|---|---|---|
| as to Defendant Hill | _____ | _____ |
| as to Defendant Lenti | _____ | _____ |

**Plaintiff's § 1983 False Arrest Claim:**

> **for each, check one and only one of the two choices, i.e., for Plaintiff OR for Defendant**

| | FOR PLAINTIFF | FOR DEFENDANT |
|---|---|---|
| as to Defendant Hill: | _____ | _____ |
| as to Defendant Lenti | _____ | _____ |

**Plaintiff's Malicious Prosecution Claim:**

> **for each, check one and only one of the two choices, i.e., for Plaintiff OR for Defendant**

| | FOR PLAINTIFF | FOR DEFENDANT |
|---|---|---|
| as to Defendant Hill | _____ | _____ |
| as to Defendant Lenti | _____ | _____ |

73

**Plaintiff's Illinois State Law False Arrest Claim:**

>           **for each, check one and only one of the two choices, i.e.,
>           for Plaintiff OR for Defendant**

|                        | FOR PLAINTIFF | FOR DEFENDANT |
|------------------------|---------------|---------------|
| as to Defendant Hill:  | _____ | _____ |
| as to Defendant Lenti  | _____ | _____ |

**Plaintiff's Intentional Infliction of Emotional Distress Claim:**

>           **for each, check one and only one of the two choices, i.e.,
>           for Plaintiff OR for Defendant**

|                        | FOR PLAINTIFF | FOR DEFENDANT |
|------------------------|---------------|---------------|
| as to Defendant Hill   | _____ | _____ |
| as to Defendant Lenti  | _____ | _____ |

**Plaintiff's Respondeat Superior Claim:**

>           **for each, check one and only one of the two choices, i.e.,
>           for Plaintiff OR for Defendant**

|                        | FOR PLAINTIFF | FOR DEFENDANT |
|------------------------|---------------|---------------|
| as to Defendant Cook County Sheriff and the County of Cook | _____ | _____ |

74

**We award the following damages to Plaintiff, Reggie Bryant:**

(To be filled in only in the event you find for Plaintiff):

**Compensatory Damages:**     $_____

**Punitive Damages:**     (to be awarded only if some compensatory damages are awarded to Plaintiff):

as to DefendantHill:     $_____

as to DefendantLenti     $_____


_____          _____
          Presiding Juror


_____          _____


_____          _____


_____          _____


<span style="color:red">Defendants object to P's Verdict Form as Defendants' Proposed Verdict Form is more clear as to the awarding of damages.</span>

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REGGIE BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | 10 C 2919 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Rebecca R. Pallmeyer |
| OFFICER LENTI, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1**

Plaintiff claims that Defendants Hill and/or Lenti falsely arrested him in violation of his Fourth Amendment rights. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that each particular Defendant did not have probable cause to arrest him.

If you find that the Plaintiff has proved each of these things by a preponderance of the evidence against that particular Defendant, then you should find for the Plaintiff and against that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff has not proved any one of these things by a preponderance of the evidence as to that particular Defendant, then you should find for that Defendant, and you will not consider the question of damages for that Plaintiff.

Source: Seventh Circuit Pattern Jury Instruction 7.05 (modified); *see* Committee Note a.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2**

Let me explain what "probable cause" means. There is probable cause for an arrest if, at the moment the arrest was made, a prudent person would have reasonably believed that Plaintiff had committed or was committing a crime. In making this decision, you should consider what the Defendant or Defendants who arrested plaintiff knew and what reasonably trustworthy information that Defendant or Defendants had received.

It is not necessary that Defendants had probable cause to arrest Plaintiff for battery, obstructing service of process and resisting a peace officer, so long as Defendants had probably cause to arrest him for some criminal offense. It is not necessary that Defendants had probable cause to arrest Plaintiff for all of the crimes he was charged with, so long as Defendants had probable cause to arrest him for one of those crimes.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that a defendant's belief was probably right. The fact that Plaintiff was later acquitted of those offenses does not by itself mean that there was no probable cause at the time of his arrest.

Source: Seventh Circuit Pattern Jury Instruction No. 7.06 (modified); *See Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979); Committee Note b., *Penn v. Harris*, 296 F.3d 573, 577 (7th Cir. 2002); *Kelley v. Myler*, 149 F.3d 641, 647-48 (7th Cir. 1998); *Humphrey v. Staszak*, 148 F.3d 719, 728 (7th Cir. 1998); *Calusinski v. Kruger*, 24 F.3d 931, 935 (7th Cir. 1994); *Biddle v. Martin*, 992 F.2d 673, 676 (7th Cir. 1993)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3**

Plaintiff also claims that Defendants Hill and/or Lenti used excessive force against him. To succeed on this claim, Plaintiff must prove each of the following things against each Defendant by a preponderance of the evidence:

1.      That particular Defendant used unreasonable force against Plaintiff;

2.      Because of that particular Defendant's unreasonable force, plaintiff was harmed

If you find that the Plaintiff has proved each of these things by a preponderance of the evidence against that particular Defendant, then you should find for the Plaintiff and against that Defendant, and go on to consider the question of damages.

If, on the other hand, you find that the Plaintiff has not proved any one of these things by a preponderance of the evidence as to that particular Defendant, then you should find for that Defendant, and you will not consider the question of damages for that Plaintiff.

Source: Seventh Circuit Pattern Jury Instruction No. 7.08 (modified).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4**

You must decide whether a defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that the defendant faced. You must make this decision based on what the officer knew at the time of the arrest, not based on what you know now. In deciding whether a defendant's use of force was unreasonable, you must not consider whether a defendant's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

In determining whether the use of force was reasonable you should consider all the following factors:

- the need for the use of force;

- the relationship between the need for the use of force and the amount of force used;

- the extent of the plaintiff's injury;

- any efforts made by the defendant to temper or limit the amount of force;

- the severity of the crime at issue;

- the threat reasonably perceived by the officers;

- whether the plaintiff was actively resisting arrest or was attempting to      evade arrest by fleeing.

Source: Seventh Circuit Pattern Instruction No. 7.09. *See* Committee Note b.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5**

Plaintiff Bryant also claims that defendants Hill and Lenti falsely arrested him in violation of state law.  To establish his claim that these defendants falsely arrested him in violation of state law, plaintiff must establish by a preponderance of the evidence:

1. The defendants caused plaintiff to be arrested; and

2. The defendants did not have probable cause to arrest him for any criminal offense.

If you find that plaintiff has proved both of these things against a defendant by a preponderance of the evidence, then you should find for the plaintiff and against that defendant and go on to consider the question of damages as to that claim.

If, on the other hand, you find that plaintiff has failed to prove either of these things by a preponderance of the evidence against a defendant, then you should find for that defendant on this claim and you will not consider the question of damages as to that claim.

Source: *Penn v. Harris*, 296 F.3d 573, 577 (7th Cir. 2002)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6**

Plaintiff Bryant also claims that defendants Hill and Lenti intentionally inflicted emotional distress upon him. In order to prove this claim, plaintiff must prove each of the following propositions by a preponderance of the evidence against a defendant:

First, that a defendant's conduct was extreme and outrageous;

Second, that the defendant either intended his conduct to inflict severe emotional distress or knew there was a high probability that his conduct would cause severe emotional distress; and

Third, that the defendant's conduct in fact caused severe emotional distress.

If you find from your consideration of all the evidence that plaintiff Bryant has proved each of these propositions then you should find for the Plaintff and against the Defendants and go on to consider the question of damages as to that claim.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved by Plaintiff, then you should find for the Defendants and you will not consider the damages as to that claim.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7**

Plaintiff Bryant claims that defendants Hill and Lenti violated state law by maliciously prosecuting him. To find one or both of the defendants liable on this claim, you must find, by a preponderance of the evidence, that one or both of the defendants:

1.      caused the commencement or continuation of a criminal proceeding against plaintiff Bryant and

2.      the proceeding was terminated in plaintiff Bryant's favor; and

3.      there was no probable cause for such proceeding; and

4.      that one or both of the defendants acted with malice; and

5.      damages resulted to plaintiff Bryant.

Malice is defined as the intent, without justification or excuse, to commit a wrongful act. Malice may be inferred from a lack of probable cause if there is no credible evidence which refutes that inference.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8**

Plaintiff Bryant claims that defendants Cook County and the County Cook Sheriff are responsible under the theory of *respondeat superior* for Defendants allegedly maliciously prosecuting, falsely arresting and intentionally inflicting emotional distress on Plaintiff.

If you have found from your consideration of all the evidence that defendants Hill and Lenti maliciously prosecuted, falsely arrested or intentionally inflicted emotion distress on Plaintiff, then you should find for Plaintiff and against Defendants Hill and Lenti on this claim.

If, on the other hand, you have found that defendants Hill and Lenti did not commit any of these against Plaintiff, then you verdict should be for Defendants Hill and Lenti.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9**

If you find in favor of plaintiff Bryant, then you must determine the amount of money that will fairly compensate plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the excessive force, false arrest, intentional infliction of emotional distress or malicious prosecution. These are called "compensatory damages."

Plaintiff Bryant must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The physical and emotional or mental pain and suffering that Plaintiff Bryant has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or emotional or mental pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you find in favor of Plaintiff but find that the plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar ($1.00).

Source: Seventh Circuit Pattern Jury Instruction No. 7.23

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10**

If you find for Plaintiff Bryant, you may, but are not required to, assess punitive damages against Defendants Lenti or Hill. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to the defendants and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against either or both defendants. You may assess punitive damages only if you find that that particular defendant's conduct was malicious or in reckless disregard of plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring plaintiff. Conduct is in reckless disregard of plaintiff's rights if, under the circumstances, it reflects complete indifference to plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

-       the reprehensibility of that defendant's conduct;

-       the impact of that defendant's conduct on plaintiff;

-       the relationship between plaintiff and defendants;

-       the likelihood that that particular defendant would repeat the conduct if an award of punitive damages is not made;

-       the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

Source: Seventh Circuit Pattern Jury Instruction No. 7.24 (modified)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11**

A person commits an aggravated assault when, without lawful authority, he or she knowingly engages in conduct which places another in reasonable apprehension of receiving a battery and he knows the individual assaulted to be a peace officer.

Source: Illinois Compiled Statutes, 720 ILCS 5/12-2(a)(6)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12**

A person commits aggravated battery when, in committing a battery, he knows the individual battered to be a peace officer. Aggravated battery is a felony offense.

Source: Illinois Compiled Statutes, 720 ILCS 5/12-3.05(d)(4), (h)

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13**

In this case defendants Hill and Lenti have claimed that they had probable cause to arrest plaintiff for three different crimes: battery; resisting a peace officer; and obstructing service of process.

Under Illinois law a person commits criminal battery if he knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact with an insulting or provoking nature with an individual.

Under Illinois law, a person is guilty of resisting a peace officer if he knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity. The acts of struggling or resisting with a peace officer, including tensing up and pulling one's hand away from a peace officer during handcuffing, are physical acts of resistance that will support a conviction for resisting a peace officer, even if the underlying attempted arrest is unwarranted. Verbal resistance or argument alone, even the use of abusive language, is not a violation of the statute.

Under Illinois law, a person is guilty of obstructing service of process if he knowingly resists or obstructs the authorized service or execution of any civil or criminal process.

Source: *People v. McCoy*, 378 Ill.App.3d 954, 962-63, 881 N.E.2d 621, 630 (Ill. App. Ct. 2008)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

REGGIE BRYANT,                    )

                        )

        Plaintiff,           )      10 C 2919

                        )

     vs.                  )      Honorable Judge

                        )      Rebecca R. Pallmeyer

OFFICER LENTI, *et al.,*        )

                        )

        Defendants.      )

### <u>VERDICT FORM</u>

We, the jury, find as to each of the claims of Plaintiff, Reggie Bryant, in this case as follows:

**Plaintiff's Excessive Force Claim:**

                                  **for each, check one and only one of the two choices, i.e., for Plaintiff or for Defendant**

                               <u>FOR PLAINTIFF</u>     <u>FOR DEFENDANT</u>

as to Defendant Hill           _____    _____

as to Defendant Lenti          _____    _____

**Plaintiff's § 1983 False Arrest Claim:**

                                    **for each, check one and only one of the two choices, i.e., for Plaintiff or for Defendant**

                               <u>FOR PLAINTIFF</u>     <u>FOR DEFENDANT</u>

as to Defendant Hill:           _____    _____

as to Defendant Lenti          _____    _____

91

**Plaintiff's Malicious Prosecution Claim:**

> **for each, check one and only one of the two choices, i.e., for Plaintiff or for Defendant**

|  | FOR PLAINTIFF | FOR DEFENDANT |
|---|---|---|
| as to Defendant Hill | _____ | _____ |
| as to Defendant Lenti | _____ | _____ |

**Plaintiff's Illinois State Law False Arrest Claim:**

> **for each, check one and only one of the two choices, i.e., for Plaintiff or for Defendant**

|  | FOR PLAINTIFF | FOR DEFENDANT |
|---|---|---|
| as to Defendant Hill: | _____ | _____ |
| as to Defendant Lenti | _____ | _____ |

**Plaintiff's Intentional Infliction of Emotional Distress Claim:**

> **for each, check one and only one of the two choices, i.e., for Plaintiff or for Defendant**

|  | FOR PLAINTIFF | FOR DEFENDANT |
|---|---|---|
| as to Defendant Hill | _____ | _____ |
| as to Defendant Lenti | _____ | _____ |

**Plaintiff's Respondeat Superior Claim:**

**for each, check one and only one of the two choices, i.e., for Plaintiff or for Defendant**

<u>FOR PLAINTIFF</u>          <u>FOR DEFENDANT</u>

as to Defendant Cook

County Sheriff and the

County of Cook          _____          _____

       Please complete the following sections only if any of the above findings are in favor of the Plaintiff. If all of the above findings are in favor of Defendants, please sign and date this form because you have completed deliberations on these claims.

<u>Compensatory Damages</u>

We find Plaintiff's compensatory damages to be:

     $_____

<u>Punitive Damages</u>

**Note: Complete this section, as to a particular defendant, only if you have found in favor of Plaintiff and against that particular Defendant on one or more of the Plaintiff's claims.**

We award Plaintiff, Reggie Bryant, punitive damages as follows:

    As to defendant STEVEN HILL          $_____

    As to defendant JAMES LENTI          $_____

93

Please sign and date below and return the entire Verdict Form to the marshal (Each juror must sign the form).

Date: _____

_____     _____
Foreperson     Juror


_____     _____
Juror   Juror


_____     _____
Juror   Juror


_____     _____
Juror   Juror

**SCHEDULE H iii**

**PLAINTIFFS' PROPOSED *VOIR DIRE* QUESTIONS**

Plaintiff proposes the following voir dire in addition to standard information:

1. Do you know anyone who works in any law enforcement agency? Have you talked with any of these people about their jobs? Have these discussions left you with any impressions about people who sue government employees for violating their civil rights? Please explain.

2. Do you believe that television accurately portrays the conduct of police officers? Why or why not?

3. Do you believe that citizens who believe that they have been treated unfairly and illegally have a right to bring a lawsuit against police officers or against the agency that employs them?

4. Would you be reluctant to award monetary damages to a person whose rights had been violated by police officers? Explain.

5. Would it cause any problems to you or anyone in your family if people in your neighborhood, your family, or at your workplace, knew you sat on the jury in this case and found in favor of the plaintiff?

6. Do you agree that someone who has been injured or damaged has the right to come to court and ask to be compensated with money for any injury or damage done to her/him? Why or why not? Do you understand that under our system of civil justice that money is the only remedy you can award a plaintiff? How do you feel about that?

7. Do you feel comfortable evaluating how a person is affected emotionally or psychologically by an event in his or her life? Do you have a problem with compensating a person for emotional pain or mental distress wrongfully caused by another?

**SCHEDULE I**

**Status of Completion of Discovery**

The parties have completed all discovery of timely disclosed witnesses in this case.

## SCHEDULE J

### Motions *in Limine*

The parties' motions are submitted under separate cover.

## SCHEDULE L

## WAIVERS OF CLAIMS

Plaintiff is not proceeding with his state law battery claim.